*efiled 4/2/07

1  PAUL L. REIN, Esq. (SBN 43053)
   JULIE A. OSTIL, Esq. (SBN 215202)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Dr., Suite A
3  Oakland, CA 94612
   Tel: (510) 832-5001
4  Fax: (510) 832-4787

5  Attorney for Plaintiff:
   ANDI MILLARD
6
   HOPE ANNE CASE, Esq. (SBN 157089)
7  HEATHER M. OWEN, Esq. (SBN 229337)
   DLA PIPER USA LLP
8  2000 University Ave.
   East Palo Alto, CA 94303
9  Tel: (650) 833-2000
   Fax: (650) 833-2001
10
   Attorneys for Defendant:
11 HOBEES CALIFORNIA RESTAURANT and
   TABER FOOD SERVICES, INC.
12
   NANCY SULLIVAN WALTER, Esq. (SBN 112165)
13 LAW OFFICES OF THOMAS O'HAGAN
   1999 Harrison St., Suite 2070
14 Oakland, CA 94612
   Tel: (510) 587-1600
15 Fax: (510) 587-0056

16 Attorneys for Defendant:
   EL CAMINO-PALO ALTO, LLC

17

18                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
19

20 ANDI MILLARD,                    CASE NO. C06-3909 JF/ADR
                                    Civil Rights
21          Plaintiff,

22 v.                              **CONSENT DECREE AND [PROPOSED]**
                                   **ORDER**
23
   HOBEE'S CALIFORNIA
24 RESTAURANT; TABER FOOD
   SERVICES, INC.; EL CAMINO-PALO
25 ALTO, LLC; and DOES 1-25, Inclusive,

26          Defendants.

27 _____/

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C06-3909 JF/ADR

— 1 —

S:\jr\Cases\H\Hobee's\pleading\Jeabors consent decree.doc

**CONSENT DECREE AND ORDER**

1.      Plaintiff ANDI MILLARD filed a Complaint in this action on June 23, 2006, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, HOBEE'S CALIFORNIA RESTAURANT; TABER FOOD SERVICES, INC.; EL CAMINO-PALO ALTO, LLC; and DOES 1-25, Inclusive.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Hobee's Restaurant located at 4224 El Camino Real, Palo Alto, California, when plaintiff visited the subject facility on March 11, 2006.

2.      Defendants HOBEE'S CALIFORNIA RESTAURANT; TABER FOOD SERVICES, INC.; EL CAMINO-PALO ALTO, LLC ("Defendants") deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3.      The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C06-3909 JF/ADR**                           — 2 —

1    WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to

2    the Court's entry of this Consent Decree and Order, which provides as follows:

3

4    **SETTLEMENT OF INJUNCTIVE RELIEF**:

5    5.    This Order shall be a full, complete, and final disposition and settlement of

6    Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject

7    Complaint.  The parties agree that there has been no admission or finding of liability or

8    violation of the ADA and/or California civil rights laws, and this Consent Decree and Order

9    should not be construed as such.

10    6.    The parties agree and stipulate that the corrective work will be performed in

11    compliance with the standards and specifications for disabled access as set forth in the

12    California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility

13    Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order:

14    a)    Remedial Measures: The injunctive relief agreed upon by the Parties is attached

15    as **Attachment A** to this Consent Decree, the Disability Access Evaluation by plaintiff's

16    consultant Jonathan Adler, which is incorporated herein by reference as if fully set forth in this

17    document.  Defendants agree to undertake all remedial work (identified in Section VII,

18    "Recommendations") set forth in **Attachment A**.  Where Attachment A provides more than

19    one option, defendants at their sole discretion may choose which option to implement.  Where

20    conceptual plans are provided, defendants may use the plan or may use their own plan which

21    provides equivalent or greater access.

22    b)    Timing of Injunctive Relief: Defendants will submit plans for all corrective

23    work to the appropriate building department within 30 days of entry of this Consent Decree and

24    Order by the court, will commence work within 30 days of receiving approval from the

25    building department, and will complete work within 30 days of commencement.  For work not

26    requiring building permits, the work will be completed within 30 days of entry of this Consent

27    Decree and Order by the court.  In the event that unforeseen difficulties prevent defendants

28    from completing any of the agreed-upon injunctive relief, defendants or their counsel will

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C06-3909 JF/ADR**                    — 3 —                    S:\jo\Cases\H\Hobee's\pleadings\hobees consent decree.doc

1    notify plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or

2    their counsel will notify plaintiff's counsel when the corrective work is completed, and in any

3    case will provide a status report no later than 120 days from the entry of this Consent Decree.

4

5    **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

6           7.    The parties have not reached an agreement regarding plaintiff's claims

7    for damages, attorney fees, litigation expenses and costs. These issues shall be the subject of

8    further negotiation, litigation, and/or motions to the Court.

9

10   **ENTIRE CONSENT ORDER**:

11          8.    This Consent Decree and Order and Attachment A to this Consent Decree,

12   which is incorporated herein by reference as if fully set forth in this document, constitutes the

13   entire agreement between the signing parties on the matters of injunctive relief, and no other

14   statement, promise, or agreement, either written or oral, made by any of the parties or agents of

15   any of the parties, that is not contained in this written Consent Decree and Order, shall be

16   enforceable regarding the matters of injunctive relief described herein. This Consent Decree

17   and Order applies to plaintiff's claims for injunctive relief only and does not resolve plaintiff's

18   claims for damages, attorney fees, litigation expenses and costs, which shall be the subject of

19   further negotiation and/or litigation.

20

21   **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

22          9.    This Consent Decree and Order shall be binding on Plaintiff ANDI MILLARD,

23   Defendants, HOBEE'S CALIFORNIA RESTAURANT; TABER FOOD SERVICES, INC.;

24   EL CAMINO-PALO ALTO, LLC; and any successors in interest. The parties have a duty to so

25   notify all such successors in interest of the existence and terms of this Consent Decree and

26   Order during the period of the Court's jurisdiction of this Consent Decree and Order.

27

28   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C06-3909 JF/ADR**                                — 4 —                     S:\pr\Cases\H\Hobee's\pleading\hobees consent decree.doc

1   **INJUNCTIVE RELIEF ONLY:**

2         10.    Each of the parties to this Consent Decree understands and agrees that there is a

3   risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them

4   will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which

5   are unknown or unanticipated at the time this Consent Decree is signed.  Except for all

6   obligations required in this Consent Decree, the parties intend that this Consent Decree apply to

7   all such further loss with respect to the Lawsuit, except those caused by the parties subsequent

8   to the execution of this Consent Decree. Therefore, except for all obligations required in this

9   Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands,

10  actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit,

11  whether the same are known, unknown or hereafter discovered or ascertained, and the

12  provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section

13  1542 provides as follows:

14          A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

15          CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE

16          TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST

17          HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

18  This waiver applies to the injunctive relief aspects of this action only and does not include

19  resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

20        11.    Except for all obligations required in this Consent Decree, and exclusive of the

21  referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs,

22  each of the parties to this Consent Decree, on behalf of each, their respective agents,

23  representatives, predecessors, successors, heirs, partners and assigns, releases and forever

24  discharges each other Party and all officers, directors, shareholders, subsidiaries, joint

25  venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance

26  carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands,

27  actions, and causes of action of whatever kind or nature, presently known or unknown, arising

28  out of or in any way connected with the Lawsuit.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C06-3909 JF/ADR**

— 5 —

S:\jo\Cases\8\Hober\pleadings\hobers consent decree.doc

1  **TERM OF THE CONSENT DECREE AND ORDER**:

2      12.     This Consent Decree and Order shall be in full force and effect for a period of

3  twelve (12) months after the date of entry of this Consent Decree and Order, or until the

4  injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court

5  shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months

6  after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is

7  completed, whichever occurs later.

8

9  **SEVERABILITY**:

10      13.     If any term of this Consent Decree and Order is determined by any court to be

11  unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in

12  full force and effect.

13

14  **SIGNATORIES BIND PARTIES**:

15      14.     Signatories on the behalf of the parties represent that they are authorized to bind

16  the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in

17  counterparts and a facsimile signature shall have the same force and effect as an original

18  signature.

19

20  Dated: March 20, 2007

21

22                                              Plaintiff ANDI MILLARD

23

24  Dated: March ___, 2007

25

26                                              Defendant HOBEE'S CALIFORNIA
                                                RESTAURANT; TABER FOOD SERVICES,
27                                              INC.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C06-3909 JF/ADR**                    — 6 —

## TERM OF THE CONSENT DECREE AND ORDER:

12.    This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

## SEVERABILITY:

13.    If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

14.    Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: December ___, 2006

Plaintiff ANDI MILLARD

March 12, 2007
Dated: ~~December ___ 2006~~

Defendant HOBEE'S CALIFORNIA RESTAURANT; TABER FOOD SERVICES, INC.

Consent Decree and Order:
Case No. C06-3909 JF/ADR

— 6 —

1

Dated: December ___, 2006

2

3   APPROVED AS TO FORM:                    Defendant EL CAMINO-PALO ALTO, LLC

4

5   Dated: December ___, 2006

6                                           PAUL L. REIN
                                            JULIE MCLEAN
7                                           LAW OFFICES OF PAUL L. REIN

8

9                                           Attorneys for Plaintiff
                                            ANDI MILLARD

10

11              March        7
    Dated: ~~December~~ 2, 2006
12                                          HOPE ANNE CASE
                                            HEATHER M. OWEN
13                                          DLA PIPER US LLP

14

15                                          Attorneys for Defendants
                                            HOBEE'S CALIFORNIA RESTAURANT;
16                                          TABER FOOD SERVICES, INC.

17

18  Dated: December ___, 2006
                                            NANCY SULLIVAN WALTER
19                                          LAW OFFICES OF THOMAS O'HAGAN

20

21                                          Attorneys for Defendant
                                            EL CAMINO-PALO ALTO LLC

22

23                                          **ORDER**

    Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**
24

25  Dated:   4/2/07

26

27

28                                          HON. JEREMY FOGEL
                                            U.S. DISTRICT JUDGE

Consent Decree and Order; Case No. C06-
3909 JF/ADR

1   Dated: March _15_, 2007

2

3                                             Defendant EL CAMINO-PALO ALTO, LLC

    APPROVED AS TO FORM:

4

5   Dated: March _20_ 2007                    PAUL L. REIN
                                              JULIE A. OSTIL
6                                             LAW OFFICES OF PAUL L. REIN

7

8                                             Attorneys for Plaintiff
                                              ANDI MILLARD
9

10

11  Dated: March __, 2007                     HOPE ANNE CASE
                                              HEATHER M. OWEN
12                                            DLA PIPER US LLP

13

14                                            Attorneys for Defendants
                                              HOBEE'S CALIFORNIA RESTAURANT;
15                                            TABER FOOD SERVICES, INC.

16

17

18  Dated: March _2/_, 2007                   NANCY SULLIVAN WALTER
                                              LAW OFFICES OF THOMAS O'HAGAN
19

20                                            Attorneys for Defendant
                                              EL CAMINO-PALO ALTO LLC
21

22                                            **ORDER**

23  Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

24

25  Dated: _____

26

27                                            HON. JEREMY FOGEL
                                              U.S. DISTRICT JUDGE
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 272-5001

Consent Decree and Order: Case No. C06-
3909 JF/ADR

— 7 —

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

**Hobee's Restaurant**
**4224 El Camino Real, Palo Alto, CA**

## DISABILITY ACCESS EVALUATION

Survey performed by: _____

Jonathan Adler, Principal
ACCESS COMPLIANCE SERVICES
ICBO Accessibility Inspector/Plans Examiner #0886919-21
CA Contractor Lic. #707965
(831) 429-4191

Inspection date: 11/16/06

I. Scope........................................................................2

II. Introduction................................................................2

III. Basis For Identifying Inaccessible Features............................2

IV. Basis For Determining The Requirement To Correct Inaccessible Features........3

V. Inventory of Architectural Barriers ......................(Separately Attached)

VI. Summary Of Findings....................................................4

VII. Summary of Recommendations ......................................6

VIII. List of Attachments....................................................7

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## I. Scope

The following report provides an evaluation of Hobee's Restaurant regarding compliance with the state and federal requirements concerning accessibility for persons with disabilities. The findings are based on my physical site inspection that was conducted on 10/16/06. I verified my findings by observation and measurements, and by photographing various public facilities at the site, including the entrances, parking areas, dining areas, and the public restrooms.

## II. Introduction

Under both state law (after July 1, 1970) and the federal ADA (after January 26, 1992) newly constructed or altered facilities are required to be accessible to people with disabilities, and thus provide equivalent opportunities to the goods and services that they offer. Also, performing alterations triggers additional requirements to make other features accessible that may not be directly part of the alteration, including but not limited to: parking, an accessible building entrance and route to it, and restrooms that serve the altered area.

A comprehensive discovery of the construction history and building permit records of this facility has not taken place. At this time the obligation to improve accessibility at the facility is based on the ADA Title III obligation that public accommodations remove architectural barriers to disability access when doing so is readily achievable, regardless of when the facility was built or if it has been remodeled. Features that are subject to this obligation are ones that do not meet the current design standards under the ADA, which is called ADAAG. This is called "barrier removal".

Should a later review reveal a history of construction or alterations performed since 1970 that is pertinent to this investigation, Access Compliance Services reserves the right to amend the findings contained in this report to expand the basis of obligations.

The following report contains a chart (See Part V) that describes the architectural features that do not meet the regulatory standards for disabled access set forth in the federal Americans with Disabilities Act (Title III – 28 CFR Part 36, Appendix A). The chart also lists the pertinent sections of CA State Building Code (2001-Title 24 Part 2 – Volume 1) because, when alterations are performed to remove the existing barriers the improvements must also meet the state standards.

## III. Basis For Identifying Inaccessible Features

• ANSI A117.1-1961................................................................... (1970 to 1981)
American National Standards Institute standards for accessibility, as applied to public accommodations in California pursuant to Govt. Code 4450 and H&S Code 19955

• CA Code of Regulations, Title-24 Part 2, Volume 1  ................... (1982 to present)
The California Building Code as applies to public accommodations, pursuant to CA Health & Safety Code 19955

• The Americans with Disabilities Act Title III–28 CFR Part 36, Appendix A. (1990 to present)
The Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities

Hobee's Restaurant – Palo Alto                                        2

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## IV. Basis For Determining The Requirement To Correct Inaccessible Features

**1. Violations:** Architectural features that failed to meet the applicable state or federal regulations when they were originally constructed are required to be corrected. This applies to:

a) Newly constructed facilities that were improperly built
b) Alterations to existing facilities that were improperly built, with or without a permit.
c) Path of Travel- Alterations in which an accessible path of travel was not properly provided to the altered area. Under California law since 1982, and under the ADA since 1990, the altered area was required to comply with disabled access standards in addition to another requirement that was also triggered, called *path of travel*.

*Path of travel* requires that the route to the altered area must be made accessible, which includes parking when it is provided, as well as exterior routes, an entrance, interior routes as needed, the restrooms that serve the altered area, and drinking fountains and telephones that serve the altered area. When the cost of providing the path of travel is an *unreasonable hardship*, that is it exceeds 20% of the project's total cost, the access improvements can be limited to that which can be accomplished for that amount (i.e. 20% of the total cost). However, under California law, the path of travel improvements on large projects cannot be capped based on an unreasonable hardship. A large project is one where the cost exceeds an annually adjusted index, or where a series of projects over a three-year period cost more than that threshold.

## 2. Architectural Barriers Under The ADA

Since 1990, the Americans with Disabilities Act, at section 42 USC 12182 (b)(2)(A)(iv) has required that features that do not meet the standards for access (ADAAG), are barriers and must be corrected. This obligation applies to existing facilities regardless of the age of the building or whether any construction or alterations have been done, although special allowances may apply to truly historic buildings. The extent to which the obligation applies is limited to tasks that are "readily achievable".

There is no formulaic definition of what meets the standard of "readily achievable". It is determined in part on the "overall financial resources" of the responsible parties. It is beyond the scope of this assignment to make such a determination - - - it is up to the property owner and business operator to do so.

*ADA Title III Sec.36.201*
*(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.*

3

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

Under the ADA an access barrier is "readily achievable" if the removal is "easily accomplishable and able to be carried out without much difficulty or expense." Factors to be considered when determining whether removing a barrier is "readily achievable" are set out in the ADA §301 (9) [42 USC 12181], which states:

*(9) READILY ACHIEVABLE- The term `readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include—*

*(A) the nature and cost of the action needed under this Act;*

*(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;*

*(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and*

*(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.*

## V. Detailed Chart of Findings
See attached "Inventory of Barriers"

## VI. Summary Of Findings

◆ **Primary Entrance**
Entering through this door requires traveling up an inaccessible 4-3/4" high step
Directional signage is not posted to indicate the availability and location of an accessible alternate entry.

◆ **Alternate Entrance**
Symbol of access is not posted
Door threshold exceeds the maximum allowable 1/4-inch high abrupt change of level
Door closes more quickly than 3 seconds

◆ **Route to the Alternate Entrance**
Portions of the surface exceed the maximum allowable 1/4-inch high, abrupt change of level, especially near the vending machines.
The width of the route is constricted to less than 48-inch between planters and the front ends of parked cars that overhang the wheel "bumpers". During inspection the width was reduced to 22-inch, and cars with larger overhangs would reduce it to even less.

◆ **Parking**
Only one accessible parking space is provided. It has an adjacent unloading zone (access aisle) that is only 4'-6" wide. Parking lots this size require two accessible spaces and at least one of them must have an adjacent 8-ft wide access aisle. Others may be 5-ft wide.

Hobee's Restaurant – Palo Alto                    4

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

◆ Women's Restroom
The restroom was not built to be accessible. For example, the entry door is too narrow; required signage is not posted; dispensers and mirror are much higher than allowed; the toilet is lower than allowed; there are no grab bars at the toilet; and the sink-cabinet provides no knee space under the counter for a wheelchair user.

Two of the more profound deficiencies concern the lack of maneuvering space:

• Door Landing: The door landing on the interior side of the door is only 40-inch deep, too small to provide space for many wheelchair users to even reach the door in order to independently open it and exit. A 60-inch deep landing is generally required.

• Toilet Stall: The wider of the two toilet stalls is only 35-inch wide, too narrow for a person to maneuver a wheelchair so that it is close enough to safely transfer to the toilet. An accessible stall must be minimum 60-inch wide.

◆ Men's Restroom
The restroom was not built to be accessible. For example, the entry door is too narrow; required signage is not posted; dispensers and mirror are much higher than allowed; toilet is lower than allowed; there are no grab bars at the toilet and the 24" wide door into the toilet stall is too narrow for many wheelchairs to even fit through; and the sink-cabinet provides no knee space under the counter for a wheelchair user.

Three of the more profound deficiencies are described below:

• Door Landing: The door landing, on the interior side "pull-side" of the door, extends only 3-1/2 inch beyond the edge of the door, too small of a maneuvering space for many wheelchair users to even position their chair where it does not block the door as one tries to swing it open.

• Toilet Stall: The toilet stall is only 35-1/2 inch wide, too narrow for a person to maneuver a wheelchair so that it is close enough to safely transfer to the toilet. An accessible stall must be minimum 60-inch wide.

• Turning Space: The clear area inside the restroom for a wheelchair user to turn 180-degrees, is approximately 40-inch diameter. An accessible, clear turning space must be minimum 60-inch diameter.

◆ Seating in Dining Areas
No fully accessible seating was observed. An accessible seating space provides a clear area under the tabletop that is minimum 30-in. wide, 27-in. high, and 19-in. deep. There are two kinds of tables at Hobee's. The four-legged tables provide the required width and depth but only 25-1/2 in. clear height. The pedestal tables provide height and width but only 13-in depth.

Hobee's Restaurant – Palo Alto                    5

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## VII. Recommendations

### Primary Entrance: (Perform Option-1 or Option-2)

Option-1: Drawing-01
Extend the door landing out over the sidewalk and ramp back down in each direction of the walk, or

Option-2: Drawing-01
• Post directional signage to the back entrance, and
• Resurface the route to insure no abrupt changes of level greater than 1/4 inch.
• Widen the route to the back entrance that travels along the side of the building, to provide 48-in. clear width, by doing one of the following: Drawing-02
a) Removing planters and benches
b) Moving the wheel -stops so that cars are forced to park further from the building
c) Combination of a) and b); Replace the large planters with narrow ones and move the wheel-stops as needed

### Parking Lot Entrance (Back Entry)

Post an ISA sign
Replace the door threshold with one that has maximum 1/4-inch high abrupt change of level
Repair or replace the door closer

### Route to the Alternate Entrance

If the primary entrance is made accessible, the route from the street to the back entrance need not be made accessible
If the primary entrance is not made accessible perform Option-2 (planters, wheel-stops, and resurfacing described above)

### Parking Drawing-01

Add one additional accessible parking space to create a total of two, and arrange the spaces so that:
• 2 accessible spaces share an 8-ft wide access aisle
• The access aisle connects to an accessible route leading to the back entrance without compelling occupants of either vehicle to travel behind parked cars other than their own.
• Install all required signage(ISA at each space; additional "Van-Accessible" sign on the space to the left; Tow-Away Sign; Pavement Symbol of Access; Pavement Statement "NO PARKING" in the access aisle)

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## Restrooms: (Perform Option -1 or Option -2)

Option-1
- Modify the existing inaccessible multi-user Men's and Women's restrooms so that each restroom becomes an accessible single-user facility, one for men and one for women Drawing 04 and 05, and
- Cut a 36-in wide opening through the decorative wall (i.e. "the stage") to provide an accessible route to the modified restrooms. If the decorative wall is no thicker than 24-inch, the doorway that is cut through it may be 32-inch wide Drawing-03

Option-2
Construct a new, accessible unisex restroom, leaving the existing restrooms and the route to them unchanged Drawing-06 or 07

## Seating in Dining Areas
Provide a minimum of two accessible tables in the main dining room and at least one in the back banquet room.
Note: A pedestal table would be accessible if the top was 42" wide (allowing for a 4" diameter post)
    The four-legged tables would be made accessible by raising them 1-1/2 inches through various methods, such as padding the bottom of the legs

## VIII. List of Attachments
Drawing-01 Parking and Primary Entrance
Drawing-02 Exterior Route to Alternate Accessible Entrance
Drawing-03 Route to Restrooms
Drawing-04 Women's Restroom: Existing and Recommendation
Drawing-05 Men's Restroom: Existing and Recommendation
Drawing-06: Unisex Option
Drawing-07: Unisex Option

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## Drawing–01

### EXISTING CONDITIONS



HOBEE'S

4–3/4" inch step

Front Entrance

23-inch wide route from the sidewalk

Back Entrance

4'–6" wide access aisle on driver's side

### RECOMMENDATIONS



New landing, level w/entry and ramped down in each direction approx. 4'–9"

Resurface pathway

Install narrower planters and/or move wheelstops to maintain 36" wide route, (when vehicle overhangs 30-in. beyond the wheelstop curb)

New Van–Accessible space

New 8-ft wide access aisle

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## Drawing-02 Exterior Route



With no benches or planters

With 24" wide planters or furniture

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## Drawing-03 Passage Thru Decorative Wall



DECORATIVE WALL

36-inch Opening

Existing Door Into Men's Restroom

Existing Corner of Dining Room with Curved Wall

Back Entry

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## Drawing–04 Women's Restroom



WOMEN'S SINGLE-USER ACCESSIBLE

1: Remove door and side walls
2: Install 3'0" door with latch but no closer
3: Remove one toilet and the privacy partitions
4: Replace sink cabinet with wall hung lavatory
5. Install grab bars, dispensers, signage per code



WOMEN'S EXISTING

A = 40 inch 60" required)
B = 35 inch (60" required)

5-ft deep landing allows wheelchair to get close enough to open the door and also be clear of the doors path

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## Drawing—05 Men's Restroom



6' 6"

8' 11"

60" diameter

### EXISTING MEN'S RESTROOM

A=30" (32" req'd)
B=29" (32" req'd)
C=24" (34" req'd)
D=36" (60" req'd)
F =40" (60" req'd)
E =22" (36" req'd)

F= Cabinet (lavatory w/ kneespace req'd)

### RECOMMENDED SINGLE-USER RESTROOM

1: Entry door – widen and reverse swing
2: Vestibule and toilet partion – remove
3: Toilet – Install accessible unit + grab bars
4: Sink and cabinet – replace with wall-hung unit
5: Signage and dispensers – install per code

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

# Drawing-06 Unisex Restroom



Entry to Existing Men's Restroom

Decorative Wall

Note: If the door swings into the unisex restroom the depth of the room would be approx. 7' 9", and extend approx. 9" beyond the existing wall

8'

12" Max.

7' 9"

9"

Back Entry

Note: If the door swings into the unisex restroom the depth of the room would be approx. 7' 9" and would extend approx. 9" beyond the end of the existing wall

**Unisex Location**

Existing Corner of Dining Rm.

Decorative Wall

7-ft

8-ft

Back Entry

ATTACHMENT A TO CONSENT DECREE, MILLARD V. HOBEE'S CALIFORNIA RESTAURANT, CASE NO. C06-3909 JF

## Drawing-07 Unisex Restroom



Entry to Existing Men's Restroom

Decorative Wall

8' 0"

7' 0"

Back Entry

Note: if the door swings away from the room the depth of the room would be approx. 7-ft, the same as the existing wall.

### Unisex Location

Existing Door Into Men's Restroom

Decorative Wall

Existing Corner of Dining Rm.

7-ft

8-ft

Back Entry